■ Sithe Energies, Inc., et al., Respondents-Appellants, v 335 Madison Avenue, LLC, et al., Appellants-Respondents. [846 NYS2d 155]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered July 27, 2007, insofar as it conditionally granted plaintiffs cotenants' motion for a preliminary injunction compelling defendant landlord to consent to a sublease between plaintiffs and a nonparty, unanimously reversed, on the law, and the motion denied; plaintiffs' cross appeal from that part of the order conditioning the preliminary injunction on their furnishing of an undertaking in the amount of $1,000,000, unanimously dismissed as academic; all with costs in favor of defendants.

The preliminary injunction is improper because, first, it deprives the landlord of the right, reserved to it by the master lease, to take 20 days to decide whether to approve the proposed sublease following receipt of all the information and documents to which it is entitled under the master lease. Indeed, the motion court's order recognizes that not all such information was provided and that there were deficiencies in the proposed sublease, which omissions and deficiencies the motion court purported to rectify by making the granting of the injunction conditional. However, by ordering the landlord to consent to the proposed sublease before it had an opportunity to review what plaintiffs were being directed to provide, the court usurped the landlord's role as the arbiter of the permissibility of the sublease. Second, the preliminary injunction improperly gives plaintiffs the ultimate equitable relief sought in the action. The circumstances here are not of such "imperative, urgent, or grave necessity" as to warrant such relief (see Xerox Corp. v Neises, 31 AD2d 195, 197 [1968]). Concur—Lippman, P.J., Friedman, Sullivan, Gonzalez and Catterson, JJ.